IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ULOGIN LLC, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| BOOKING.COM (USA) INC. | ) |
| | ) |
|        Defendant. | ) |
| | ) |

## COMPLAINT

For its Complaint, Plaintiff uLogin LLC ("uLogin"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. uLogin is a Texas limited liability company with a place of business located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

2. Defendant Booking.com (USA) Inc. is a Delaware corporation with, upon information and belief, a place of business located at Bank of America Plaza, 901 Main Street, Suite 3605, Dallas, Texas 75202.

3. Upon information and belief, Defendant has registered with the Texas Secretary of State to conduct business in Texas.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

5. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

6. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

7. Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

## THE PATENT-IN-SUIT

8. On June 27, 1998, United States Patent No. 5,712,979 (the "'979 patent"), entitled "Method And Apparatus For Attaching Navigational History Information To Universal Resource Locator Links On A World Wide Web Page," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '979 patent is attached hereto as Exhibit A.

9. The technology recited in the claims of the '979 patent does not claim an abstract idea and provides an inventive concept. The inventive concept combines multiple improvements to the functioning of a computer system. The inventive concept solves the problem that is unique to computer systems and computer technology of having to manually track the various sites traversed during a world-wide-web session, or for any service monitoring the user, to know the identity of any previous world-wide-web site traversed by the user during a session.

10. The inventions of the '979 patent are in one example directed to a method and apparatus for tracking the navigation path of a user that has been directed to a second site on the worldwide web ("WWW") from a first site on the WWW. The first site has a universal resource locator ("URL") symbol for uniquely identifying an address of the first site on the WWW, and the second site has a URL symbol for uniquely identifying an address of the second site on the WWW. A composite URL symbol is received at the second WWW site when the user is

directed from the first site to the second site. The composite URL symbol has a first portion corresponding to the URL symbol of the second site, and a second portion that includes information corresponding to the identity of the first site. The information representative of the identity of the first site is captured at the second WWW site from the second portion of the composite URL. In one example, the identity of the first WWW site is then determined at the second WWW site by comparing information from the second portion of the composite URL to a table having a plurality of entries each of which is representative of a known WWW site.

11. In another example, the '979 patent is directed to a method and apparatus for tracking the navigation path of a user that has been directed to a second site on the WWW from a first site on the WWW. A URL is received at the second WWW site when the user is directed tom the first site to the second site. At the second WWW site, information representative of an identity of the first WWW site is captured by identifying a first code in the URL. A destination web page is determined for the user, and a revised destination web page is formed by inserting a second code representative of the identity of the first WWW site into at least one selected web page link associated with the destination web page. The revised destination web page is then transmitted to the user.

12. The technology claimed in the '979 patent does not preempt all ways for a computer system to track the navigation path of a user that has been directed to a second site on the worldwide web from a first site on the WWW.

13. uLogin is the assignee and owner of the right, title and interest in and to the '979 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,712,979

14. uLogin repeats and realleges the allegations of paragraphs 1 through 13 as if fully set forth herein.

15. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe the '979 patent by making, using, importing, offering for sale, and/or selling computer implemented systems and methods for tracking the navigation path of a user that has been directed to a second site on the world wide web ("WWW") from a first site on the WWW, including but not limited to systems and methods used for operating the www.booking.com website.

16. uLogin is entitled to recover from Defendant the damages sustained by ULogin as a result of Defendant's infringement of the '979 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

uLogin hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, uLogin requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendant has infringed the '979 patent;

B. An award of damages to be paid by Defendant adequate to compensate uLogin for Defendant's past infringement of the '979 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of uLogin's reasonable attorneys' fees; and

D. An award to uLogin of such further relief at law or in equity as the Court deems just and proper.

Dated:  August 19, 2015        */s/Andrew W. Spangler*
Andrew W. Spangler TX SB #24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, TX 75601
Telephone:  (903) 753-9300
Facsimile:  (903) 553-0403
spangler@spanglerlawpc.com

Stamatios Stamoulis DE SB #4606
Richard C. Weinblatt DE SB #5080
Stamoulis & Weinblatt LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540
Facsimile:  (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiff*
*uLogin LLC*